IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRANCE L. GAYTON,

       Petitioner,

v.                                                  Civ. 12-cv-123 RB/RHS

JAMES LOPEZ,

       Respondent.

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Terrance L. Gayton's *pro se* Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody ("Petition") filed February 7, 2012 (Doc. 1). This case was referred to the undersigned by the trial court with instructions to recommend an ultimate disposition of the case (Doc. 3). Petitioner challenges his conviction pursuant to a guilty plea, specifically claiming that his arrest for trafficking occurred pursuant to an illegal search and seizure in violation of the Fourth Amendment, in the Second Judicial District Court, County of Bernalillo in Cause No. Cr. 2008-00782 (Docs. 1, 6). Respondent filed "Respondent's Answer to Petition for Writ of Federal Habeas Corpus (28 U.S.C. § 2254)" ("Response") on March 9, 2012 (Doc. 8). Petitioner filed his reply entitled Motion to Dismiss Respondent's Answer to Petitioner ("Reply") on March 16, 2012 (Doc. 10).

After a careful review of the Petition, Response, Reply and relevant authorities, the Court recommends that the Petition be denied and that this case be dismissed with prejudice.

**FACTS AND PROCEDURAL HISTORY**

On February 6, 2008, Petitioner was arrested and charged with Trafficking (By Possession with Intent to Distribute)(Cocaine) contrary to Section 30-31-20(A)(3), NMSA 1978 (Doc. 8-1). Petitioner entered into a Repeat Offender Plea and Disposition Agreement ("Plea Agreement") and pled guilty to the offense as charged (Doc. 8-1 at 1). Petitioner appeared in state court to be sentenced pursuant to his guilty plea in Cr. 2008-00782 (Doc. 8-1). Petitioner was sentenced to a term of ten (10) years incarceration (Doc. 8-1). The state court suspended nine (9) years of the sentence and imposed a parole term of two (2) years and supervised probation for a term of five (5) years (Doc. 8-1). The state court entered the Judgment, Sentence and Partially Suspended Sentence on June 3, 2008 (Doc. 8-1). Then on July 29, 2008, the state court entered an Amended Judgment, Sentence and Partially Suspended Sentence for the sole purpose of "alter[ing] Petitioner's presentence confinement credit" (Doc. 8 at 4, 8-1 at 6). At all times material hereto, Petitioner was represented by court-appointed counsel.

The state court entered an Order Revoking Probation and Commitment to Department of Corrections arising from Petitioner's violation of his probation on June 15, 2010 (Doc. 8-1 at 11). Then on August 9, 2010, the state court entered an Amended Order Revoking Probation and Commitment to Department of Corrections ("Amended Order") (Doc. 8-1 at 13). The Amended Order altered Petitioner's sentence by reducing his term of incarceration with the Department of Corrections to 1,460 days (Doc. 8-1 at 14).

Petitioner filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico, Civ. 11-356 JH/LFG, on April 27, 2011. In his Application, Petitioner asserted claims that "the State District Court

did not give him sufficient 'jail and probation credits' or that his state sentence was not properly credited with time served" (Doc. 8-2 at 12). Because Petitioner challenged the execution or duration of his sentence rather than the legality, the Court construed the habeas petition under 28 U.S.C. § 2241 as opposed to § 2254 (Civ. 11-356, Doc. 42 at 2). A state prisoner may challenge the fact or duration of the execution of his sentence under § 2241 while a writ of habeas corpus under § 2254 challenges the validity of his underlying sentence or conviction. Davis v. Roberts, 425 F.3d 803, 833-34 (10th Cir. 2005). Petitioner attempted to file a new petition raising Fourth Amendment claims on November 29, 2011. However, instead of docketing this November 29, 2011 petition as a separate, new habeas proceeding, that petition (Civ. 11-356, Doc. 33) was mistakenly docketed as a supplemental pleading in the § 2241 habeas proceeding[1]. The Court denied the habeas petition construed under § 2241 and dismissed Petitioner's claims on February 22, 2012 (Civ. 11-356, Docs. 44, 45). The Court stated that Petitioner failed to meet "his burden of 'clearly showing' how his sentence was miscalculated" (Civ. 11-356, Doc. 42 at 15). The Court then concluded that Petitioner:

> "did not demonstrate that the State Court's decision denying his claims regarding sentence computation resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented."

Civ. 11-356, Doc. 42 at 15.

Petitioner filed a Motion to Dismiss the Charges on September 28, 20011, in the state court, alleging that his constitutional rights under the Fourth Amendment were violated when he was arrested without probable cause (Doc. 8-1 at 32). The state court denied Petitioner's Motion

---

[1] In Gayton v. Romero, Civ. No. 11-cv-356 JH/LFG, the Court made no findings or recommendations as to Petitioner's Fourth Amendment claims.

(Doc. 8-1 at 39).  Thereafter, Petitioner filed his Petition for Writ of Habeas Corpus with the New Mexico Supreme Court (Doc. 8-1 at 41).  The New Mexico Supreme Court denied habeas corpus relief (Doc. 8-1, 49) on October 28, 2011.

## LEGAL STANDARD AND ANALYSIS

On February 7, 2012, Petitioner filed the instant habeas petition claiming that his arrest and subsequent conviction resulted from an illegal search and seizure in violation of the Fourth Amendment (Doc. 1).  Petitioner's § 2254 petition raises two grounds for relief: the first asserts that "this should [be] closely studied because the case is faulty" which the Court finds incomprehensible so the Court will not consider this claim (Doc. 1 at 5).  The second ground for relief is the identical issue Petitioner raised in the state habeas proceeding (Doc. 8-1 at 41) where he contested the legality of the search and seizure in the state court criminal proceeding (Docs. 1 at 5, 8-1 at 41).

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004).  Under AEDPA, the Court cannot grant habeas relief pursuant to 28 U.S.C. § 2254(d) unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254 (d)(1) - (2).  State court decisions must be given the benefit of the doubt.  Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011) (citing Renico v. Lett, __ U.S. __, 130 S. Ct. 1855, 1862 (2010)).  AEDPA increased the deference federal courts must

show state court's factual findings and legal determinations.  <u>Houchin v. Zavara</u>, 107 F.3d 1465, 1470 (10th Cir. 1997).  The Court must presume the factual findings made by the state court are correct and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

The State urges the Court to deny the Petition [Doc.1] on two bases: (1) the Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1), and (2) the Petitioner's Fourth Amendment claim is not a cognizable federal habeas claim (Doc. 8).

## I.
## PETITIONER'S CLAIM IS TIME BARRED

Respondent argues that the Petition should be dismissed with prejudice because it is time barred pursuant to 28 U.S.C. § 2244(d)(1).  Petitioner moves this Court to "dismiss" Respondent's Response claiming that he raised an illegal search and seizure claim from the beginning of his sentence and that the Court refused to respond (Doc. 10 at 2-3).

Respondent correctly cites to The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which provides that there is a 1-year limitation period for state prisoners to file an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).   Respondent contends that Petitioner's conviction became final thirty (30) days after entry of the Amended Order Revoking Probation, Commitment to the Department of Corrections filed on August 9, 2010 (Doc. 8-1 at 13).  Specifically, it states that the Amended Order became final on September 8, 2010 and therefore, the Petitioner was required to file his "federal habeas corpus petition or other application for post-conviction relief" no later than September 8, 2011 (Doc. 8 at 9).  The record demonstrates that Petitioner raised his constitutional claim in federal court when he filed his "Petition" which was docketed as a "Supplement" in Civ. 11-356 JCH/LFC on November 29,

2011 (Civ. 11-356, Doc. 33).  In Civ. 11-356, the Court declined to consider Petitioner's Fourth Amendment claim because the proceeding before the Court, being construed under § 2241, solely challenged the execution and duration of Petitioner's sentence (Civ. 11-356, Doc. 43, 44).  Giving the Petitioner the benefit of the doubt that he raised his Fourth Amendment claim as of November 29, 2011, Petitioner still failed to timely file his petition for habeas relief within the one-year deadline imposed by the AEDPA.  29 U.S.C. § 2244(d)(1).

Therefore, the Court concludes that Petitioner's claim should be denied for failure to timely file his petition for habeas corpus.

## II.
## PETITIONER'S FOURTH AMENDMENT CLAIM IS NOT A COGNIZABLE FEDERAL HABEAS CLAIM

Petitioner contends that the search and seizure resulting in his arrest violated Petitioner's constitutional rights (Doc. 6 at 3).  This issue has been raised in the United States Supreme Court in Stone v. Powell, 428 U.S. 465 (1976).  "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."  Stone v. Powell, 428 U.S. at 495.   The state court record contradicts Petitioner's contention, the record demonstrates that Petitioner had an opportunity to litigate his Fourth Amendment claim (Doc. 8-1).  On July 18, 2008, Petitioner filed a Motion to Suppress Physical Evidence ("Motion to Suppress") (Doc. 8-1 at 23).  The state court record reflects that the Motion to Suppress was set for hearing and then was continued a number of times during 2008 (Doc. 8-2).  The record further reflects that a hearing on the Motion to Suppress was set for June 2, 2009, and then on June 3, 2009, Petitioner's Plea Agreement was

filed with the state court (Doc. 8-2 at 3).

On September 28, 2009, Petitioner raised his Fourth Amendment claim in the state district court in his Motion to Dismiss the Charges (Doc. 8-1 at 32).  This motion was denied by the state district court as a "Petition for Writ of Habeas Corpus and/or other pleading pursuant to Rule 5-802 of the Rules of Criminal Procedure for the District Courts" (Docs. 8-1 at 39).  The claim was again raised in the Petition For Writ of Habeas Corpus filed in the New Mexico Supreme Court on October 26, 2011, and thereafter denied on October 28, 2011 (Docs. 8-1 at 41, 49).  The state court provided Petitioner with ample opportunity for full and fair litigation of his Fourth Amendment claim.  Therefore, the Court concludes that Petitioner has not raised a cognizable Fourth Amendment claim because the claim was raised and adjudicated in state court.

## III
## PETITIONER VOLUNTARILY ENTERED INTO A PLEA AGREEMENT

Notwithstanding Petitioner's opportunity for full and fair litigation of his alleged constitutional claim, he voluntarily entered into Plea Agreement and pled guilty to the offense charged (Doc. 8-1 at 15).  A guilty plea admits all elements of the charge and waives all non-jurisdictional defects.  United States v. Riles, 928 F.2d 339, 342 (10th Cir. 1991).  "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful sentence."  United States v. Broce, 488 U.S. 563, 569 (1989).  The test "for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  Tovar Mendoza v. Hatch, 620 F.3d 1261, 1269 (10th Cir. 2010) (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting North Carolina v.

Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).  A federal court will "uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and consequences of the charges against him and that the defendant voluntarily chose to plead guilty."  Miles v. Dorsey, 61 F.3d 1459, 1466 (10th Cir. 1995) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)).

Petitioner does not dispute that he entered a guilty plea (Doc. 1).  Petitioner also does not allege that his plea was not voluntary or that he did not understand the nature and consequences of the charges against him (Doc. 1).  Although initially Petitioner alleged in the state court habeas proceeding that his plea was coerced "by the Court and the Court appointed/ pro bono lawyer," (Doc. 8-1 at 32) he does not make the same allegation here (Doc. 1).  In addition, the habeas petition filed with the New Mexico Supreme Court alleging Fourth Amendment violations did not contain any allegations that Petitioner's Plea was coerced (Doc. 8-1 at 41).  There is no evidence proffered to support any conclusion other than Petitioner voluntarily and knowingly entered into his guilty plea.

Courts routinely find that a guilty plea waives all non-jurisdictional defects.  Riles, 928 F.2d at 342.  There is no dispute that Petitioner voluntarily entered a guilty plea and waived his right to trial in Cr. 2008-00782.  Moreover, Petitioner's plea waived any right to challenge the alleged constitutional defect which occurred prior to entering into the plea.  U.S. v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003); Fisher v. Gibson, 262 F.3d 1135, 1143-44 (10th Cir. 2001).  Therefore, the alleged violation of Petitioner's Fourth Amendment rights was waived by Petitioner's guilty plea.

For all of these reasons, the Court concludes that Petitioner is not entitled to relief and his

Fourth Amendment claim should be denied.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claim raised in his § 2254 motion. Therefore, the Court recommends that Petitioner's motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE